**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALEXIS ROMERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL NATIONAL GOTTESMAN INC.,<br><br>Defendant. | **ORDER**<br><br>Case No. 7:26-cv-03747-JGLC-JCM |
| SAMANTHA CAMPBELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTRAL NATIONAL GOTTESMAN INC.,<br><br>Defendant. | Case No. 7:26-cv-03756-JGLC-JCM |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE CASES AND TO APPOINT INTERIM CO-LEAD COUNSEL**

THIS MATTER, comes before the Court by the Plaintiffs in the above-captioned cases by their Motion, seeking to (1) consolidate the above-captioned Related Actions pursuant to FED. R. CIV. P. 42(a) under the title *Romero v. Central National Gottesman Inc.*, No. 7:26-cv-03747, and (2) appoint Leanna A. Loginov of Shamis & Gentile, P.A. ("Shamis & Gentile") and Mariya Weekes of Milberg, PLLC ("Milberg") as Interim Co-Lead Counsel, pursuant to FED. R. CIV. P. 23(g)(3). Accordingly, the Court, having read the papers and for good cause shown, exercises its discretion pursuant to Federal Rule of Civil Procedure 42(a)(2) to consolidate these actions. **IT IS**

**ORDERED** that the Motion is **GRANTED** as set forth below:

1. The following cases are hereby consolidated:

   A. *Romero v. Central National Gottesman Inc.*, No. 7:26-cv-03747 (filed by the law firm of Milberg, PLLC); and

   B. *Campbell v. Central National Gottesman Inc.*, No. 7:26-cv-03756 (filed by the law firm of Milberg, PLLC and Shamis & Gentile, P.A.).

(collectively, the "Related Actions") under the new title: "*In re Central National Gottesman Inc., Data Privacy Incident*" pursuant to Fed. R. Civ. P. 42(a) (the "Consolidated Action").

2. The Clerk of Court is DIRECTED to administratively close *Campbell v. Central National Gottesman Inc.*, No. 7:26-cv-03756. The Clerk of Court is FURTHER DIRECTED to transfer all documents already docketed in the Related Actions into the Consolidated Action.

3. All papers filed in the Consolidated Action shall be filed under the lead case number 7:26-cv-03747, the number assigned to the first-filed case, *Romero*, and shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re Central National Gottesman Inc., Data Privacy Incident* | Master File No. 7:26-cv-03747 |

4. The case file for the Consolidated Action will be maintained under Master File No. 7:26-cv-03747.

5. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

6. This Order shall apply to any action filed in, transferred to, or removed to, this Court which relates to the subject matter at issue in this case. Any party may file a Notice of Related Action to relate future-filed cases to this consolidated action.

7. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby appoints Leanna A. Loginov of Shamis & Gentile and Mariya Weekes of Milberg as Interim Co-Lead Counsel to act on behalf of the Plaintiffs and the class members in the Consolidated Action, with the responsibilities set forth below:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;
- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;
- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);
- Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;
- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;
- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;
- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;
- Prepare and distribute periodic status reports to the parties;
- Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;
- Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;
- Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further order of the Court; and

- Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

8. Any additional plaintiffs' counsel will do all work in this litigation only at the direction of Interim Co-Lead Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any Plaintiff except through Interim Co-Lead Counsel and no other Plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Counsel.

9. Interim Co-Lead Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

10. Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in any related action to the extent that Interim Co-Lead Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

11. All deadlines in the underlying Related Actions, including the deadlines for Defendant to answer or otherwise respond to the original Complaints in the underlying Related Actions, are vacated.

12. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within thirty (30) days of this Order.

13. Defendant shall file its responsive pleading within sixty (60) days from the filing of Plaintiffs' Consolidated Complaint.

14. Plaintiffs shall file their response to Defendant's responsive pleading within thirty (30) days from the filing of Defendant's responsive pleading.

15. Defendant shall file its reply within thirty (30) days from the filing of Plaintiffs' response.

16. In not opposing this motion, Defendant shall not be deemed to have waived any rights, remedies, arguments, or defenses.

Dated: July 22, 2026
White Plains, New York

**SO ORDERED:**

Judith C. McCarthy

JUDITH C. McCARTHY
United States Magistrate Judge